# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND
# NORTHERN DIVISION

| | |
|---|---|
| ROBYN MILES, | ) |
|     Plaintiff, | ) ) ) |
| v. | )  No. 1:20-cv-2518 |
| MIDLAND CREDIT MANAGEMENT, INC., | ) ) |
|     Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, ROBYN MILES ("Plaintiff"), through her attorneys, The Law Firm of Michael Alan Siddons, Esquire, alleges the following against Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

3. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

1

## PARTIES

5. Plaintiff is a natural person residing in the City of Cambridge, Dorchester County, State of Maryland.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency located in the City of San Diego, San Diego County, State of California.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. Defendant conducts business in the State of Maryland.

13. When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff originating with Credit One Bank.

19. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

20. In December 2019, the novel coronavirus disease Covid-19 was first detected in Wuhan, China.

21. On March 5, 2020, Governor Larry Hogan declared a state of emergency for the State of Maryland to control the spread of Covid-19.

22. After enacting the emergency declaration, Governor Larry Hogan issued a stay-at-home order and closed non-essential businesses to control the spread of Covid-19.

23. On March 13, 2020, the federal government declared a federal state of emergency to control the spread of Covid-19.

24. In or around June 2020, Defendant began sending collection letters to Plaintiff in an attempt to collect the alleged debt.

25. On or about June 27, 2020, in the midst of a global pandemic, Defendant sent a debt collection letter to Plaintiff.

26. The June 27, 2020 debt collection letter threatened to take legal action against Plaintiff.

27. The June 27, 2020 debt collection letter stated it was a "PRE-LEGAL NOTICE."

28. The coronavirus disease Covid-19 caused the closure of local, state and federal courthouses.

29. In June 2020, Defendant did not intend to take legal action against Plaintiff.

30. To date, Defendant has not taken legal action against Plaintiff.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

31. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant sent a debt collection letter threatening to take legal action against Plaintiff in the midst of the coronavirus disease Covid-19 pandemic;

    b. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant created the false impression on Plaintiff that Defendant would take legal action against Plaintiff during a global crisis;

    c. Defendant violated § 1692e(2) of the FDCPA by falsely representing the character, amount or legal status of any debt, when Defendant falsely represented that a lawsuit was about to be commenced against Plaintiff in the midst of the coronavirus disease Covid-19 pandemic;

    d. Defendant violated § 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken, when Defendant threatened to take legal action against Plaintiff when Defendant did not intend to take such action;

    e. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant engaged in, at least, the foregoing violations of § 1692e; and

    f. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable

means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

32. Defendant's acts as described above were done intentionally and with the purpose of coercing Plaintiff to pay the alleged debt.

33. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, ROBYN MILES, respectfully requests judgment be entered against Defendant, MIDLAND CREDIT MANAGEMENT, INC., for the following:

34. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

35. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

36. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

August 31, 2020

By: /s/ Michael A. Siddons
Michael A. Siddons
Attorney #89018
The Law Firm of Michael Alan Siddons, Esquire
230 N. Monroe Street
PO Box 403
Media, PA 19063
Tel: 410-705-0970
msiddons@siddonslaw.com
Attorney for Plaintiff